On the trial a grant was produced to one Abernathy, covering the lands in dispute, and a title regularly deduced under the grant to the lessors of the plaintiff. A witness was then called to prove that the defendant was in possession or claimed title to the lands. The testimony of the witness was that on a survey of the lands before any action brought, Mordecai and the defendant being both present, the defendant declared that if suit was to be brought he wished it done at once. Mordecai then said to him, "If you go upon the land and cut down a sapling or a bush, I will sue you immediately," to which defendant replied, there was no use for any such thing, for that he had been using the land for a length of time, and claimed it as his own. In a few weeks after this conversation the present action was brought. One of the lessors was 22 years old at the time the action was brought; the other lessors were more than 24. They derived title by descent from (480) Henry Lane, the grantee of Abernathy, who died in 1797. The *Page 271 
lands were conveyed to Henry Lane by deed in 1787, soon after the grant, and he had lived upon the land to his death, and his heirs after him up to this time. There was no actual possession by him and his heirs of any of the land covered by the deeds of both parties.
The defendant claimed under a grant to one Dillard of more recent date than that under which the plaintiff claimed. The grant to Dillard lapped on the grant to Abernathy and covered the land in dispute. Dillard had claimed a part of the lands covered by his deed, and which is now in dispute, and remained in possession more than seven years. Dillard's possession had terminated by his sale of the premises about twenty-five years past, and had not been kept up by any other person. The defendant deduced regular title from Dillard, and showed by evidence that about fifteen years before the action brought, while the lessors of the plaintiff were infants, he had cut timber off the land, had had hogpens erected, and had been in the practice of feeding his stock at the pens upon the land up to the time of action brought; that in one instance, during the infancy of all the lessors of the plaintiff, while workmen were getting timbers for the jail, they erected temporary cabins for their shelter and comfort, in which they slept, but abandoned them as soon as all the timbers were finished, which was about one year.
The judge below instructed the jury, in substance, that the possession to ripen into title under the act of limitations must be an actual possession; and that the defendant's possession, as above stated, was not such an one as would be sufficient to give title under that statute. But that it was not necessary there should be an actual possession in this case to maintain ejectment; that if the defendant claimed to be in possession, or claimed the lands in controversy, and entered himself a defendant in the action with a view of maintaining such claim, (481)that was sufficient to enable the plaintiff to maintain the present action.
Under these instructions the jury returned a verdict for the plaintiff, and a motion was made for a new trial on the ground of misdirection, which, being denied, and judgment rendered for the plaintiff, the defendant appealed to this Court.
In Albertson v. Reding, 4 N.C. 28; S. c., 6 N.C. 251, the Court decided that in the action for ejectment it was incumbent on the plaintiff to prove the defendant in actual possession of the lands sued for, because it was presumable that the defendant was not so well acquainted with the boundaries of the land set forth in the plaintiff's declaration as the plaintiff was with the defendant's actual possession. *Page 272 
I approve of that decision; but the present case is different from it. In this case the judge told the jury that if defendant claimed to be in possession, or claimed the lands in controversy, and entered himself a defendant with a view of maintaining such claim, that was sufficient to maintain the plaintiff's action; by which I understand the judge to say that if the defendant admitted himself to be in possession of the lands sued for (not by entering into the common rule) by proof made for that purpose, quoad hoc, the action was maintainable. Of this opinion was the rest of the Court.
PER CURIAM. No error.
Cited: McDowell v. Love, 30 N.C. 504; Atwell v. McLure, 49 N.C. 376.
(483)